

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JOHN ALEXANDER LONDONO GONZALEZ,
    Petitioner,

    v.                                            Civil No. 3:26cv107 (DJN)

JEFFREY CRAWFORD,
    Respondent.

**MEMORANDUM OPINION**

Petitioner, a federal detainee proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 4.)  In his § 2241 Petition, Petitioner complained that he had been denied a bond hearing and was not subject to mandatory detention. (ECF No. 4 at 6.)  Petitioner argued that he was being detained pursuant to 8 U.S.C. § 1226 and therefore was entitled to a bond hearing.  (*Id.*)  Because Petitioner is now subject to a Final Order of Deportation, Respondent has moved to dismiss Petitioner's § 2241 Petition as moot.  For the reasons that follow, the Motion to Dismiss (ECF No. 10) will be GRANTED.

**I.    STANDARD OF REVIEW**

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject matter jurisdiction, the burden rests with the petitioner, as the party asserting jurisdiction, to prove that federal jurisdiction is proper.  *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

A motion to dismiss pursuant to Rule 12(b)(1) can attack subject matter jurisdiction in two ways.  First, a Rule 12(b)(1) motion may attack the petition on its face, asserting that the

petition fails to state a clai    m upon which subject matter jurisdiction can lie. *See id.* (citing *Adams*, 697 F.2d at 1219). Alternatively, a Rule 12(b)(1) motion may challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a case, "the district court may then go beyond the allegations of the [petition] and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (citations omitted). Consideration of evidence outside of the pleadings on a Rule 12(b)(1) motion does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted); *McBurney v. Cuccinelli*, 616 F.3d 393, 409 (4th Cir. 2010) (Agee, J., concurring in part and dissenting in part) (discussing that motions under Rule 12(b)(1) are not restricted by Rule 12(d)). However, "[t]he district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Evans*, 166 F.3d at 647 (citation omitted).

## II.    FACTUAL BACKGROUND

Petitioner is a native of Columbia. (ECF No. 9-1 at 2.) On or about May 3, 2022, United States Customs and Border Patrol ("CBP") "officers encountered Petitioner in or around Eagle Pass, Texas after Petitioner had crossed into the United States from Mexico by swimming across the Rio Grande River. After establishing Petitioner's identification, CBP officers confirmed Petitioner was arriving in the United States without being admitted or paroled and processed Petitioner for expedited removal." (*Id.*) Petitioner was subsequently released from custody as

2

part of a class action lawsuit that required "custody reviews for detainees with heightened risk factors for severe covid." (*Id.* at 3.)

On July 31, 2025, Petitioner was arrested and taken into custody "by New York City Immigration and Customs Enforcement, Fugitive Operations Team in collaboration with CBP, and Homeland Security Investigations (HSI)." (*Id.*)

"On January 7, 2026, Petitioner had a merits hearing before an Immigration Judge and was ordered removed to Ecuador or Guatemala based on Asylum Cooperative Agreements (ACA)." (*Id.* at 4.) Petitioner appealed. (ECF No. 11-1 at 2.)

On March 13, 2026, Petitioner filed his § 2241 Petition claiming that he has been improperly denied a bond hearing and was not subject to mandatory detention. (ECF No. 4 at 6.) Petitioner argued that he was being detained pursuant to 8 U.S.C. § 1226 and therefore was entitled to a bond hearing. (*Id.*)

On April 30, 2026, the Board of Immigration Appeals dismissed Petitioner's appeal of the Immigration Judge's Order of Removal. (ECF No. 11-1 at 2.) Thus, Petitioner is now subject to a Final Order of Removal and is now detained pursuant to 8 U.S.C. § 1231.

"Under § 1231, upon the issuance of a final order of removal to an alien, the alien shall be removed 'within a period of 90 days.' 8 U.S.C. § 1231(a)(1)(A). The alien '*shall*' be detained during the removal period." *Banoub v. Crawford*, 819 F. Supp. 3d 477, 486 (E.D. Va. 2025) (footnote omitted) (quoting 8 U.S.C. 1231(a)(1)(A)).[1]

---

[1]    On June 1, 2026, Petitioner filed another 28 U.S.C. § 2241 petition with this Court. (ECF No. 13.) In that petition, Petitioner incorrectly states that he is currently detained under 8 U.S.C. § 1226(a). (*Id.* at 6.) As explained above, Petitioner's detention is now mandatory under 8 U.S.C. 1231(a)(1)(A).

### III.    ANALYSIS

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "[R]ipeness, along with standing, mootness, and political question," are "doctrines that cluster about Article III." *S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 220 (4th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). With respect to mootness, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted). Further, "[i]f intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, [a] federal court[] [is] powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983).

Here, the basis for Petitioner's detention changed during the pendency of his § 2241 Petition. For the foreseeable future, Petitioner's detention is mandatory. *See Banoub*, 819 F. Supp. 3d at 486 (quoting 8 U.S.C. 1231(a)(1)(A)). This change in the statutory provision that governs Petitioner's detention renders his § 2241 Petition moot. *See Doe v. Perry*, No. 1:21-cv-01364-MSN-IDD, 2022 WL 1837923, at *2 (E.D. Va. Jan. 31, 2022) ("Petitioner concedes that his request for a bond hearing became moot after the issuance of an administratively final removal order."). Accordingly, Petitioner's § 2241 Petition will be DISMISSED AS MOOT. The Court will VACATE that aspect of the Memorandum Order entered on March 25, 2026, which prohibits Respondent from removing or transferring Petitioner from this District.

## IV.    CONCLUSION

The Motion to Dismiss (ECF No. 10) will be GRANTED.  The § 2241 Petition and the

action will be DISMISSED AS MOOT.  The Court will VACATE that aspect of the

Memorandum Order entered on March 25, 2026, which prohibits Respondent from removing or

transferring Petitioner from this District.

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to

Petitioner.

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Date: June 8, 2026